UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MATHSON INDUSTRIES, INC.,

    Debtor,

_____/

Case No. 09-11623

Honorable Patrick J. Duggan

WENDY TURNER LEWIS, Trustee of the
Chapter 7 Bankruptcy Estate of Mathson
Industries, Inc.,

    Plaintiff,

v.

NEGRI BOSSI USA, INC.,

    Defendant,

_____/

Chapter 7 Case No. 09-42894

Adversary No. 09-04639-tjt

Honorable Thomas J. Tucker

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 27, 2009.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Wendy Turner Lewis ("Plaintiff"), Trustee of the Chapter 7 bankruptcy estate of Mathson Industries, Inc. ("Mathson"), filed this adversary proceeding against Negri Bossi USA, Inc. ("Defendant"), in bankruptcy court on April 17, 2009. Presently before this Court is Defendant's Motion to Withdraw Reference, filed on April 29, 2009. The

motion has been fully briefed and, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court dispensed with oral argument on July 14, 2009.

**I. Facts and Procedural Background**

As part of the underlying bankruptcy case, Mathson's estate includes nine injection molding machines sold to Mathson by Defendant. Mathson never paid for the machines but Defendant failed to perfect its security interest in eight of the nine. Originally valued at over $3,500,000, the machines are the most valuable part of Mathson's estate and Plaintiff intends to sell them at auction pursuant to 11 U.S.C. § 363.

The present adversary action arises from Plaintiff's allegation that Defendant is attempting to chill bidding on the machines by telling potential bidders that it will not provide services for machines purchased from Plaintiff. Plaintiff asserts that Defendant is the only company capable of providing services for these large, complex machines. Plaintiff suspects that Defendant intends to suppress bidding on the machines so that it may purchase the machines at a low price and resell them at substantial profit to the potential bidders.

Based on these assertions, Plaintiff filed a four count complaint against Defendant alleging (1) violation of 11 U.S.C. § 363(n); (2) violation of 11 U.S.C. § 362; (3) violation of section 2 of the Sherman Act, 15 U.S.C. § 2; and (4) tortious interference with business expectancy. In the complaint, Plaintiff seeks a preliminary injunction enjoining Defendant from communicating to potential purchasers that it will not provide servicing and from refusing to provide servicing to the purchaser(s) of the machines at the same cost Defendant provides those services to other customers in the ordinary course of

its business.

On April 29, 2009, Defendant filed the present Motion to Withdraw Reference. On May 1, 2009, Plaintiff filed a first amended complaint dropping the Sherman Act claim. Four days later, Plaintiff filed her response to Defendant's motion. Defendant filed a jury demand in this action on May 6, 2009, and replied to Plaintiff's response on May 8, 2009. On May 15, 2009, Plaintiff filed a second amended complaint dropping the tortious interference claim. On May 27, 2009, Plaintiff filed a motion in the bankruptcy court to strike Defendant's jury demand. Plaintiff filed a sur-reply to the present motion in this Court the following day. On July 2, 2009, the bankruptcy court entered an order granting Plaintiff's motion to strike Defendant's jury demand. For the reasons set forth below, the Court denies Defendant's Motion to Withdraw Reference.

**II. Withdrawing a Reference to the Bankruptcy Court**

Congress authorized district courts to refer "any or all" bankruptcy related proceedings to bankruptcy judges for their district. 28 U.S.C. § 157(a). Consistent with 28 U.S.C. § 157(a), Eastern District of Michigan Local Rule 83.50(a)(1) says, "[u]nless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges." Under 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

3

Defendant argues that this case qualifies for both mandatory and permissive withdrawal.

**A. Mandatory Withdrawal**

As noted above, 28 U.S.C. § 157(d) requires withdrawal where "resolution of the proceeding requires consideration of both title 11 and other laws of the United States . . . ." Defendant asserts that Plaintiff's right to recovery in this case depends on the existence of a Sherman Act violation, despite the fact that Plaintiff has since dropped that claim. The Court disagrees.

The remaining claims in Plaintiff's second amended complaint involve Defendant's alleged attempts to control the auction price for the machines and Defendant's alleged interference with the automatic stay. The first claim requires proof of (1) an agreement; (2) between potential bidders; (3) that controls the price at bidding. *See In re Sanner*, 218 B.R. 941, 944 (D. Ariz. 1998); *see also* 11 U.S.C. § 363(n). In the second claim Plaintiff specifically alleges that Defendant is violating the automatic stay by attempting "to obtain possession of property of the estate" and "to collect, assess, or recover a claim against the debtor that arose before the commencement of the [underlying bankruptcy case]." 11 U.S.C. § 362(a)(3), (6). It is based on these alleged violations of *bankruptcy code* that Plaintiff seeks injunctive relief.

Despite Defendant's claim to the contrary, neither of the remaining claims require proof that Defendant's "refusal to deal is part of a strategy to accomplish an objective that is otherwise illegal under antitrust laws . . . ." (Def.'s Reply at 2.) Even if the existence of a Sherman Act violation would help Plaintiff prove her claim, the resolution of this proceeding

4

simply does not *require* consideration of the Sherman Act. Therefore, withdrawal of the reference to the bankruptcy court is not mandatory in this case.

**B. Permissive Withdrawal**

Even where withdrawal is not mandatory, the Court may withdraw a reference "for cause shown." 28 U.S.C. § 157(d). The statute does not define "cause shown" for the purposes of withdrawing a reference to a bankruptcy court. *See Ventura Holdings Co., LLC v. Millard Design Australia Pty., Ltd.*, No. 05-73621, 2006 U.S. Dist. LEXIS 12776, at *3 n.1, 2006 WL 800806 (E.D. Mich. March 6, 2006). Nor has the Sixth Circuit addressed the issue. *See id.* Nonetheless, the Circuit Courts of Appeals that have addressed what constitutes sufficient "cause" to withdraw a reference have set forth the following factors a district court may consider:

> (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.

*South St. Seaport Ltd. Pshp. v. Burger Boys (In re Burger Boys)*, 94 F.3d 755, 762 (2d Cir. 1996). Of these factors, the first is the most important. *See id.*

Core proceedings are those that "involve a cause of action created or determined by a statutory provision of title 11" or "by their very nature, could arise only in bankruptcy cases." *In re Wolverine Radio Co.*, 930 F.2d 1132, 1144 (6th Cir. 1991). Examples of core proceedings include "motions to terminate, annul, or modify the automatic stay" and "proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." 28 U.S.C. § 157(b)(2)(G), (O).

The claims asserted by Plaintiff in this proceeding are both created by statutory provisions of title 11—specifically §§ 362, 363—and, by their very nature, could arise only in bankruptcy cases. Therefore, this action is a core proceeding. And because this action is a core proceeding, the factors regarding efficiency and judicial economy also weigh against withdrawal of the reference. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) ("[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues.").[1]

Nonetheless, Defendant argues that withdrawal of the reference is appropriate in this case because Plaintiff has engaged in manipulative forum shopping tactics. While it is true that Plaintiff twice amended the complaint to ensure that the case is limited to core proceedings, the Court does not find this conduct sufficient to justify withdrawal of the reference. As a general rule, Plaintiff is "the master of the complaint." *See, e.g.*, *Gentek Bldg. Prods., Inc. v. Steel Peel Lit. Trust*, 491 F.3d 320, 325 (6th Cir. 2007); *see also In re Anderson*, 395 B.R. 7, 11 (E.D. Mich. 2008) (finding withdrawal inappropriate where the plaintiff amended her complaint to eliminate all state-law claims). Furthermore, Plaintiff's actions are not without consequences; Defendant is now protected from any future attempts by Plaintiff to bring Sherman Act claims by *res judicata*. *See In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969-71 (9th Cir. 1993). Therefore, the Court concludes that Defendant has failed

---

[1] Defendant also argued in its reply that the presence of a jury demand made withdrawal of the reference mandatory in this case. Because the jury demand has since been stricken, this argument is now moot.

to establish cause for withdrawal of the reference.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Withdraw Reference is **DENIED**.

                                                     s/PATRICK J. DUGGAN
                                                     UNITED STATES DISTRICT JUDGE

Copies to:
Michele L. Walton, Esq.
Anissa C. Hudy, Esq.
Hon. Thomas J. Tucker